NO. 07-05-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 14, 2005

_____

LALENA RENEE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6707; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Lalena Renee Moore was convicted by a jury of possession of a controlled substance. The trial court assessed punishment at one year confinement in a state jail facility, suspended for two years, and a $1,000 fine, which was not suspended.

The clerk's record was filed on August 2, 2005, and a supplemental clerk's record containing the trial court's certification of defendant's right of appeal was filed on August 15, 2005. The court reporter was notified by letter dated July 19, 2005, that the deadline for filing the reporter's record had lapsed. Two extensions of time in which to file the reporter's record were granted due to appellant's failure to submit a written designation and to make arrangements to pay for the record. Counsel for appellant, John Mann, was also directed to certify compliance with Rules 34.6(b)(1) and 35.3(b) of the Texas Rules of Appellate Procedure to this Court no later than August 30, 2005. Counsel failed to respond, and the court reporter filed a third request for an extension of time. By letter dated September 14, 2005, that request was rendered moot and, the deadline for filing appellant's brief was set for October 13, 2005. Pursuant to Rule 37.3(c), counsel was notified that only points or issues that do not require a reporter's record could be raised.

Appellant did not file a brief and was notified by letter dated October 20, 2005, that failure to do so or respond would result in the appeal being abated. *See* Tex. R. App. P. 38.8(b). Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings. *Id*. at (2) and (3). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;
2. whether appellant is indigent and entitled to appointed counsel; and
3. whether retained counsel has abandoned the appeal.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, December 16, 2005.

It is so ordered.

Per Curiam

Do not publish.